**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNILOC USA, INC. and | § | |
| UNILOC LUXEMBOURG, S.A., | § | Civil Action No. 2:16-cv-398 |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | PATENT CASE |
| | § | |
| VALVE CORPORATION, | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |
| | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and for their complaint against defendant, Valve Corporation ("Valve"), allege as follows:

## THE PARTIES

1.     Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2.     Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3.     Uniloc Luxembourg owns a number of patents in the field of application management in a computer network.

4.     Upon information and belief, Valve is a Washington corporation having a principal place of business at 10900 NE 4th Street, Suite 500, Bellevue, Washington 98004 and

offering its products, including those accused herein of infringement, to customers and/or

potential customers located in Texas and in the judicial Eastern District of Texas.  Valve may be

served with process through its registered agent: Corpserve, Inc., 1001 4th Avenue, Suite 4500,

Seattle, Washington 98154.

## JURISDICTION AND VENUE

5.     Uniloc brings this action for patent infringement under the patent laws of the

United States, 35 U.S.C. § 271 *et seq.*  This Court has subject matter jurisdiction pursuant to 28

U.S.C. §§ 1331, 1338(a) and 1367.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and

1400(b).  Upon information and belief, Valve is deemed to reside in this judicial district, has

committed acts of infringement in this judicial district, and/or has purposely transacted business

involving the accused products in this judicial district, including sales to one or more customers

in Texas.

7.     Valve is subject to this Court's jurisdiction pursuant to due process and/or the

Texas Long Arm Statute due at least to its substantial business in this State and judicial district,

including: (A) at least part of its past infringing activities, (B) regularly doing or soliciting

business in Texas and/or (C) engaging in persistent conduct and/or deriving substantial revenue

from goods and services provided to customers in Texas.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 6,510,466)

8.     Uniloc incorporates paragraphs 1-7 above by reference.

9.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,510,466

("the '466 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM

PRODUCTS FOR CENTRALIZED MANAGEMENT OF APPLICATION PROGRAMS ON A

NETWORK that issued on January 21, 2003. A true and correct copy of the '466 Patent is attached as Exhibit A hereto.

10.    Uniloc USA is the exclusive licensee of the '466 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

11.    Upon information and belief, the following describes, at least in part, how Valve's Steam entertainment platform software works:



8.    Upon information and belief, the following describes, at least in part, how Valve's Steam entertainment platform software works:



9.    Upon information and belief, the following describes, at least in part, how Valve's Steam entertainment platform software works:



10.    Upon information and belief, the following describes, at least in part, how Valve's Steam entertainment platform software works:



11.     Upon information and belief, the following describes, at least in part, how Valve's

Steam entertainment platform software works



12.     Upon information and belief, the following describes, at least in part, how Valve's

Steam entertainment platform software works:



13.      Upon information and belief, the following describes, at least in part, how Valve's Steam entertainment platform software works:



14.      Upon information and belief, the following describes, at least in part, how Valve's Steam entertainment platform software works:



15.    Upon information and belief, the following describes, at least in part, how Valve's Steam entertainment platform software  works:



16.    Upon information and belief, the following describes, at least in part, how Valve's Steam entertainment platform software works:



17.     Upon information and belief, the following describes, at least in part, how Valve's

Steam entertainment platform software works:



18.    Upon information and belief, the following describes, at least in part, how Valve's

Steam entertainment platform software works:



19.    Upon information and belief, the following describes, at least in part, how Valve's

Steam entertainment platform software works:



20.     Upon information and belief, the following describes, at least in part, how Valve's Steam entertainment platform software works:



21.     Valve has directly infringed, and continues to directly infringe one or more claims of the '466 Patent in this judicial district and elsewhere in Texas, including at least Claims 1, 2, 7, 8, 15, 22 and 23 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its Steam entertainment platform software during the pendency of the '466 Patent which software and associated backend server architecture *inter alia* allows for installing application programs on a server, receiving a login request, establishing a user desktop, receiving a selection of one or more programs displayed in the user desktop and providing a program for execution.

22.     In addition, should Valve's Steam entertainment platform be found to not literally infringe the asserted claims of the '466 Patent, Valve's accused products would nevertheless infringe the asserted claims of the '466 Patent.   More specifically, the accused Steam software/system performs substantially the same function (making computer games/software available for digital download/management), in substantially the same way (via a client/server

environment), to yield substantially the same result (providing authorized games/software to a client for execution).  Valve would thus be liable for direct infringement under the doctrine of equivalents.

23.     Valve may have infringed the '466 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the Steam entertainment platform software.  Uniloc reserves the right to discover and pursue all such additional infringing software.

24.     Uniloc has been damaged, reparably and irreparably, by Valve's infringement of the '466 Patent and such damage will continue unless and until Valve is enjoined.

**COUNT II**
(INFRINGEMENT OF U.S. PATENT NO. 6,728,766)

25.     Uniloc incorporates paragraphs 1-24 above by reference.

26.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,728,766 ("the '766 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM PRODUCTS FOR LICENSE USE MANAGEMENT ON A NETWORK that issued on April 27, 2004.  A true and correct copy of the '766 Patent is attached as Exhibit B hereto.

27.     Uniloc USA is the exclusive licensee of the '766 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

28.     Valve has directly infringed, and continues to directly infringe one or more claims of the '766 Patent in this judicial district and elsewhere in Texas, including at least Claims 1, 3, 7, 9, 13 and 15, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its Steam entertainment platform software during the pendency of the '766 Patent which software and associated backend server architecture *inter alia*

allow for maintaining user policy based license management information for application programs at a server, receiving a request for a license at the server, determining license availability based on the policy information, and providing an indication of availability or unavailability.

29.     In addition, should Valve's Steam entertainment platform be found to not literally infringe the asserted claims of the '766 Patent, Valve's accused products would nevertheless infringe the asserted claims of the '766 Patent.   More specifically, the accused Steam software/system performs substantially the same function (managing licenses for authorized computer games/software based on user policy information), in substantially the same way (via a client/server environment), to yield substantially the same result (providing authorized games/software to a client).   Valve would thus be liable for direct infringement under the doctrine of equivalents.

30.     Valve may have infringed the '766 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the Steam entertainment platform software.   Uniloc reserves the right to discover and pursue all such additional infringing software.

31.     Uniloc has been damaged, reparably and irreparably, by Valve's infringement of the '766 Patent and such damage will continue unless and until Valve is enjoined.

## **PRAYER FOR RELIEF**

Uniloc requests that the Court enter judgment against Valve as follows:

(A)     that Valve has infringed the '466 Patent and the '766 Patent;

(B)     awarding Uniloc its damages suffered as a result of Valve's infringement of the '466 Patent and the '766 Patent pursuant to 35 U.S.C. § 284;

(C)     enjoining Valve, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '466 Patent and the '766 Patent pursuant to 35 U.S.C. § 283;

(D)     awarding Uniloc its costs, attorneys' fees, expenses and interest; and

(E)     granting Uniloc such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.


Dated: April 12, 2016                    Respectfully submitted,


                                         */s/ Craig Tadlock*
                                         Craig Tadlock
                                         Texas State Bar No. 00791766
                                         Keith Smiley
                                         Texas State Bar No. 24067869
                                         **TADLOCK LAW FIRM PLLC**
                                         2701 Dallas Parkway, Suite 360
                                         Plano, TX 75093
                                         Tel: (903) 730-6789
                                         Email: craig@tadlocklawfirm.com
                                         Email: keith@tadlocklawfirm.com

                                         Paul J. Hayes
                                         Kevin Gannon
                                         **CESARI AND MCKENNA, LLP**
                                         88 Black Falcon Ave
                                         Suite 271
                                         Boston, MA 02110
                                         Telephone: (617) 951-2500
                                         Facsimile: (617) 951-3927
                                         Email: pjh@c-m.com
                                         Email: ktg@c-m.com

                                         **ATTORNEYS FOR THE PLAINTIFFS**